Rubert Hermanos v. El Pueblo de Puerto Rico et al.

Apelación procedente de la Corte de Distrito de Arecibo.

Moción sobre eliminación de la exposición del caso y desestimación de la apelación.

No. 888.—Resuelto en noviembre 7, 1912.

Eliminación de la Exposición del Caso—Prórroga para Presentar la Exposición del Caso—Notificación de las Prórrogas.—Una solicitud de prórroga no es una moción que pueda considerarse enteramente comprendida dentro de las prescripciones de los artículos 317 y 323 del Código de Enjuiciamiento Civil y de la regla cuatro de las de las cortes de distrito, y es de tal naturaleza que en muchas ocaciones precisa que se haga ex parte.

Id.—Entrega de la Exposición del Caso al Secretario en su Casa Particular.—En este pleito la exposición del caso fué entregada al Secretario de la Corte de Distrito de Arecibo en su casa particular a las diez de la noche del mismo día en que vencía la prórroga concedida a la parte apelante para presentarla y fué radicada en la secretaría de la corte el día siguiente. Los apelantes solicitaron una nueva prórroga el día anterior al día en que vencía la prórroga concedida y la corte denegó dicha prórroga el mismo día en que vencía la otra. Los apelantes residían fuera del distrito de Arecibo y haciendo esfuerzos extraordinarios enviaron la exposición, sin que su emisario pudiera llegar hasta la noche del día en que vencía el término. Los apelantes entregaron en la tarde del dicho día copia de la exposición a los apelados. Se resolvió, atendidas las circunstancias concurrentes y a que un proyecto de exposición del caso no va a formar parte del récord inmediatamente, sino que ha de ser previamente aprobado por el juez sentenciador con la intervención de las partes interesadas, que el proyecto en el caso de autos fué presentado en tiempo y pudo ser admitido y aprobado como lo fué por el juez sentenciador.

Id.—Complemento de una Exposición del Caso.—El juez sentenciador a quien se presenta un proyecto de exposición del caso tiene la facultad discrecional de ordenar de oficio o a instancia de cualquiera de las partes que la exposición sea completada añadiéndole una relación de las pruebas practicadas durante el juicio y omitidas en la exposición.

Id.—Cuestiones Jurisdiccionales.—Se resolvió que no tienen el carácter de cuestiones jurisdiccionales las planteadas en la moción de la parte apelada para eliminar la exposición del caso y para desestimar la apelación.

Los hechos están expresados en la opinión.

Abogado de la parte promovente: Sr. J. Henri Brown.

Abogados de la parte contraria: Sres. Alvarez Nava y Domínguez.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Los apelados presentaron una moción solicitando que se eliminara la exposición del caso y pliego de excepciones archivada en esta corte por los apelantes, y que en su consecuencia se desestimara la apelación.

Los apelados se basan para pedir la eliminación:

1. En que las prórrogas concedidas para presentar el pliego lo fueron sin notificación a la parte contraria;

2. En que la presentación del pliego al secretario de la corte de distrito, a las 10 de la noche del 17 de enero de 1912, en su casa particular, no constituyó una presentación y archivo de tal pliego dentro del término prorrogado;

3. En que el proyecto de pliego y exposición presentado no cumplía con los requisitos del artículo 299 del Código de Enjuiciamiento Civil, y

4. En que el llamado complemento de la exposición del caso fué presentado sin haberse archivado previamente en la secretaría de la corte y fuera del plazo concedido.

Como puede verse, no existe envuelta en este caso ninguna cuestión verdaderamente jurisdiccional. La apelación se interpuso en tiempo y forma. Las cuestiones suscitadas se refieren todas a la exposición del caso presentada y aprobada por el juez sentenciador después de interpuesta la apelación.

Examinemos la primera. Una solicitud de prórroga no es una moción que pueda considerarse enteramente comprendida dentro de las prescripciones de los artículos 317 y 323 del Código de Enjuiciamiento Civil y de la regla 4 de las de la Corte de Distrito de Arecibo, y es de tal naturaleza que en muchas ocasiones precisa que se haga *ex parte*. Al resolverla, la corte no decide ninguna de las cuestiones envueltas en el litigio. Además, la parte contraria si se considera perjudicada por el hecho de la concesión de una prórroga inmotivada o excesiva, puede pedir a la corte que reconsidere y anule la orden dictada al efecto.

Examinemos la segunda. No hay cuestión alguna con respecto a que el proyecto de exposición del caso fué entregado por la parte apelante al secretario de la corte de distrito antes

de las 12 de la noche del 17 de enero de 1912, y, por tanto, dentro del plazo concedido por la corte. La cuestión levantada consiste en que la exposición se entregó al secretario pero no se archivó en la secretaría el dicho día 17 de enero en que vencía el término, sino al siguiente.

Aparece demostrado suficientemente que los apelantes solicitaron de la corte de distrito una nueva prórroga para presentar su exposición el día 16 de enero de 1907, prórroga que le fué negada el día 17 en que vencía la anterior concedida. Que entonces los apelantes, que residen en San Juan, a las 2.40 de la tarde del expresado día 17, notificaron a la parte apelada con copia del proyecto, y enviaron el original, haciendo enfuerzos extraordinarios, a Arecibo, sin que le fuera dable a su emisario llegar a dicha ciudad hasta la noche del repetido día.

Atendidas todas estas circunstancias y la naturaleza del acto de la entrega de un proyecto de exposición del caso que, de acuerdo con la misma ley, interpretada en su totalidad, y con la jurisprudencia, no va a formar parte del récord inmediatamente, sino que para ello tiene que ser enviado al juez sentenciador por el mismo secretario y aprobado por el juez con la intervención de todas las partes interesadas, es necesario concluir que el proyecto fué presentado en tiempo y pudo ser admitido y aprobado como lo fué por el juez sentenciador.

Examinemos la tercera. El que el proyecto presentado el 17 de enero fuera defectuoso, no es motivo para pedir ahora su eliminación si, como veremos más adelante, fué enmendado incluyéndose en él toda la prueba practicada.

Examinemos la cuarta y última de las cuestiones suscitadas. Aparece que ya en poder del juez sentenciador el proyecto entregado el 17 de enero, los apelantes presentaron una adición al mismo que el juez admitió con la oposición del apelado.

No consideramos como buena la práctica de presentar fraccionada una exposición del caso, pero creemos que el juez sentenciador tenía discreción y usó de ella al admitir el lla-

mado complemento. El juez tenía ya en sus manos el proyecto, y a instancias de cualquiera de las partes o por su propia orden pudo ordenar que la exposición se completara consignando en ella todas las pruebas practicadas durante el juicio.

Resueltas en tal sentido las cuestiones levantadas por los apelados, no cabe acceder a lo que solicitan con respecto a la eliminación de la exposición del caso y pliego de excepciones de los apelantes, ni menos a desestimar la apelación interpuesta.

La moción debe declararse sin lugar.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.